EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES *v.* HUGHES.

INSURANCE—GROUP POLICY—DESIGNATION OF BENEFICIARY.
   Defendant wife in suit of interpleader was properly awarded proceeds of group insurance policy where beneficiary designated in application for and certificate of insurance gave her last name, relation to insured and address although first name of beneficiary was that of insured's married sister who lived elsewhere.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 5, 1944. (Docket No. 17, Calendar No. 42,656.) Decided May 17, 1944.

Bill of interpleader by Equitable Life Assurance Society of the United States against Blanche Shears Hughes and Corine Jones Shears to determine ownership to proceeds of a life insurance policy. Cross bills by each of defendants claiming ownership. Decree for Corine Jones Shears. Blanche Shears Hughes appeals. Affirmed.

*Charles B. Berry,* for defendant Hughes.

*Samuel L. Weller (Albert Summer,* of counsel), for defendant Shears.

WIEST, J. September 9, 1935, plaintiff issued a $1,000 group life insurance certificate to William Shears, with beneficiary therein designated as "Blanche Shears—wife." Blanche Shears was the

maiden name of the insured's sister but she had been married for many years and her name was Blanche Hughes. The insured was married and lived with his wife Corine, at 1984 Maple street, Detroit, at the time the insurance was applied for and certificate issued. The insured died July 6, 1941, and Blanche Hughes, claiming to be the insurance beneficiary, brought suit as such to obtain the insurance, and the widow also made claim as the beneficiary under the insurance policy. Thereupon the insurance company filed a bill of interpleader, paid the insurance into court and left it to the court, under pleadings and proof of the claimants, to determine the true beneficiary.

The bill of interpleader is not in the printed record but is a part of the record on appeal in the clerk's office and has been examined. It was stated therein that the certificate of insurance was issued to William Shears in response to his written application therefor and designated "Blanche Shears— wife," of 1984 Maple, as the beneficiary therein. The claimants of the insurance, as defendants in the bill of interpleader, filed answers averring their rights to the fund.

At the hearing in the circuit court no proofs were taken but upon uncontroverted pleadings and statements and concessions of counsel for the parties the court found:

"There are four possible determinants: The first name, the last name, description (viz., the word 'wife'), and the address. Three of those tests, or determinants, are in favor of Corine, viz., the last name was hers, 'Shears'; she actually was his wife; and she actually lived at 1984 Maple Street.

"With reference to the sister, only one of the four determinants is in her favor, viz., the first name, Blanche. Her last name was not Shears. She

was not his wife.   She did not live at 1984 Maple Street, Detroit.''

Upon such reasoning the court decreed the proceeds of the insurance to the wife of the deceased, Corine Shears.   The court correctly stated the applicable rule of law and the decree is affirmed, with costs to Corine Shears against defendant Blanche Hughes.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.